## SPOON v. SMITH.

1. FRAUD—PARTIES—ADMINISTRATOR D. B. N.—An action will lie by a creditor against the administrator of the first administrator of the debtor and the administrator *de bonis non*, to set aside a fraudulent confession by the debtor to him who afterwards first administered on such debtor's estate, and for an account of moneys of the estate applied by him to such confession, as the administrator *de bonis non*, not being also a creditor, could not attack the *bona fides* of his intestate's transactions.

2. IBID.—JUDGMENT—PLENE ADMINISTRAVIT.—Ordinarily, a party cannot require an administrator to account for assets received by him prior to a judgment obtained by such party against the administrator subject to a plea of *plene administravit*, and to be enforced only against assets afterwards acquired; but he may require an accounting of prior assets where they were fraudulently misappropriated and the fraud not discovered until after the entry of the judgment *quando acciderint*.

Before FRASER, J., Laurens, February, 1892.

This was an action by John H. Spoon, a creditor of Josiah Anderson, against James M. Smith, administrator of J. R. Smith, deceased (who had been first administrator of Josiah Anderson),

and John H. Wharton, administrator *de bonis non* of Josiah An-derson, commenced October 26, 1891. The complaint was dis-missed by the following order :

The cause came before me by consent on two questions, to wit: First, whether or not the complaint states facts sufficient to con-stitute a cause of action, the defendant, James M. Smith, claim-ing that the action should have been brought by John H. Wharton, as administrator *de bonis non* of the estate of Josiah Anderson, deceased. Second, whether or not the plaintiff is es-topped by reason of the fact that the judgment sued on was taken by the plaintiff against J. R. Smith, as administrator of the estate of Josiah Anderson, deceased, subject to the plea of *plene admin-istravit*. The said judgment was put in evidence and shows that it was taken and entered in accordance with the said plea.

After hearing argument of counsel, I am of opinion that the defendant's first ground is not tenable. The representatives of the original debtor are before the court, as well as the repre-sentatives of the first administrator, and I am satisfied that the plaintiff has a right to bring his action against both of them in order that he may call them to account. The defendant's sec-ond position must be sustained. The plaintiff sued his claim against J. R. Smith, the administrator. The said adminstrator pleaded *plene administravit*. The plaintiff accepted his plea and his judgment was entered up in accordance therewith. If the plea was not correct, then was the time for him to contest it. By not doing so he is estopped, and all that he can recover is assets which come or may have come into the hands of the ad-ministrator since the rendition of the said judgment. There is no allegation that any assets have come into his hands since. It is therefore ordered, adjudged, and decreed, that the complaint herein be dismissed with costs.

*Mr. W. H. Martin*, for appellant.

*Messrs. Ferguson & Featherstone*, contra.

September 13, 1892. The opinion of the court was delivered by MR. JUSTICE POPE. Josiah Anderson executed his sealed

note to John H. Spoon, on the 19th day of March, 1867, for $330.80, and on the next day thereafter confessed a judgment to J. R. Smith for $1,117.12, which was forthwith entered in the Court of Common Pleas for Laurens County, and execution issued. Josiah Anderson died intestate in September, 1867, and in December thereafter J. R. Smith was appointed the administrator of his estate. In 1869 the sum of $480 from the personal estate of such intestate was applied by J. R. Smith, as his administrator, to the partial payment of the said judgment by confession, and in the same year the sum of $1,273.50 was received by the said J. R. Smith in further payment of his said judgment from the proceeds of the sale of the real estate of said Josiah Anderson, deceased.

In 1888, John H. Spoon exhibited his complaint in the Court of Common Pleas for Laurens County against J. R. Smith, as the administrator of the estate of Josiah Anderson, deceased, to recover judgment upon his note for $230.90, and in the answer of J. R. Smith as such administrator, he alleged that he had fully and finally settled the personal estate of Josiah Anderson, deceased, and that he had no assets in his hands belonging to the estate of his intestate; and in that action judgment was rendered for plaintiff for the sum of $1,171.95 against the defendant as administrator, *subject to the plea of plene administravit.* J. R. Smith died intestate in the year 1890, and James M. Smith was appointed administrator of his estate, and in the month of July, 1891, John H. Wharton, by virtue of his office as clerk of court for Laurens, was appointed administrator *de bonis non* of the personal estate of the said Josiah Anderson, deceased.

On the 10th October, 1891, in the Court of Common Pleas for Laurens County, the plaintiff-appellant instituted his action against James M. Smith, as administrator of the estate of J. R. Smith, deceased, and J. H. Wharton, as administrator *de bonis non* of the estate of Josiah Anderson, deceased, based upon the foregoing facts, but coupled with allegations of fraud on the part of J. R. Smith and Josiah Anderson in making and settling up the judgment confessed by the latter to the former on the 20th March, 1867; that at that time there was nothing due by Anderson to Smith; that such confession of judgment was intended

by the parties thereto to hinder, delay, and defraud existing and subsequent creditors of the said Josiah Anderson, who at that time and ever afterwards was insolvent; and that the sums of money, to wit, the $450 and $1,273.50, received by J. R. Smith in 1869 of the estate, real and personal, of Josiah Anderson, deceased, was not rightfully applied by him to the partial payment of the judgment confessed by Anderson to Smith on the 20th March, 1867. The answer of the defendant Smith denied all these additional allegations as to fraud, &c., and insisted that when Spoon, as plaintiff in the action against J. R. Smith, as administrator, &c., of Josiah Anderson, deceased, which ripened into judgment in 1888, accepted Smith's plea as such administrator of *plene administravit*, and entered his judgment accordingly, he was forever afterwards estopped from attacking such plea.

By consent of all parties to the action, only two questions raised by the pleadings were heard by Judge Fraser—one was the oral demurrer, that the complaint did not state facts sufficient to constitute a cause of action, and the other was whether the plaintiff was estopped from bringing this action by reason of the fact that the judgment sued on was taken in 1888 by the plaintiff against J. R. Smith, as administrator, &c., of Josiah Anderson, deceased, subject to the plea of *plene administravit;* and by the decree of Judge Fraser, dated 16 February, 1892, the oral demurrer was overruled, but the second proposition was sustained and the complaint was dismissed.

From this decree the plaintiff now appeals to this court upon four grounds, to wit: 1st. Because his honor erred in holding that a judgment rendered subject to the plea of *plene administravit* is a bar to a subsequent action by the plaintiff for an accounting. 2nd. Because his honor should have held that the plea of *plene administravit* when sustained is only *prima facie* conclusive, and is not a bar to a subsequent action to reach assets concealed by fraud or mistake at time of rendition of judgment and unknown to plaintiff. 3rd. Because his honor erred in holding that the judgment of the said J. R. Smith confessed to him by Josiah Anderson on March 20th, 1867, could have been impeached for fraud under the issue of *plene administravit* in the

action of this plaintiff against J. R. Smith, as administrator, when said judgment appeared to be regular on its face. 4th. Because his honor erred in holding that J. R. Smith, the former administrator of Josiah Anderson, was protected by the plea of *plene administravit* from accounting for assets of the estate which he received ostensibly in his individual right under his alleged judgment.

The two questions considered by the Circuit Judge present a logical form in which this court may also consider the questions referred to it for solution.

It is true the appellant does not present an exception to the order of the Circuit Judge overruling the defendants' oral demurrer, that the complaint failed to state facts sufficient to constitute a cause of action, but the respondent asks this court, in a certain contingency, to reverse such decision. So, therefore, we will consider this matter. The point where the respondents allege the complaint to be defective consists in the fact that the plaintiff, who is a creditor of the estate of Josiah Anderson, deceased, brings an action to recover certain assets of his debtor's estate, instead of the action being brought by the administrator *de bonis non* of the estate of said Josiah Anderson for that purpose. There is no complaint that such administrator *de bonis non* is not in existence, for he is, and is a party defendant to the suit.

Now, what is the object of this action? It is alleged in the complaint that all the assets of the estate of Josiah Anderson, deceased, available to pay debts, have been appropriated by J. R. Smith, as his administrator, to the payment of a debt of his own that did not exist, and that the judgment which was confessed upon such non-existent debt was a fraudulent combination between Anderson and Smith to defeat the claims of the honest creditors of the former. Let it be borne in mind that Anderson confessed this judgment to Smith. If there was such fraud in such confession, could Wharton, as the administrator *de bonis non* of his estate, bring an action to set aside the judgment which his intestate had confessed? It is true in *Winsmith* v. *Winsmith*, 15 S. C., 611, and *Werts* v. *Spearman*, 22 *Id.*, 200, this court allowed a similar act to be done; but it was allowed purely and

entirely because Winsmith, the administrator in the first named case, and Werts, as the administrator in the second named case, united in one person the dual character of creditor and administrator. As a general rule, no administrator is allowed to impeach the *bona fides* of his intestate's transactions. In the appeal at bar, Wharton, the administrator *de bonis non*, is not a creditor of the estate of Josiah Anderson, deceased, and therefore he could not bring this suit. The plaintiff had his rights, if the allegations of his complaint are true, against the estate of Smith as well as against that of Anderson. To deny him an opportunity to try to ascertain those rights in a court of justice, would be a confession of impotency in the laws of our land that we would be slow to make. The Circuit Judge was right, therefore, in overruling defendants' demurrer.

We will next consider what seems by far the most serious question presented to our attention in this appeal. By the "Case," it seems that the plaintiff and respondents agreed to test conclusions before the Circuit Judge in this wise: plaintiff had alleged in his complaint his debt and his judgment thereon; the amount of the estate of Josiah Anderson that went into Smith's hands in 1869; that the judgment of Smith confessed by Anderson was fraudulent, but that the plaintiff had not discovered such fraud until after he had taken his judgment against Smith as administrator in 1888. Defendant had denied fraud, but set up that plaintiff was estopped from his present action by reason of his acceptance of the defendant Smith's plea of *plene administravit* in 1888. So, therefore, it was agreed that the proofs for or against fraud would be held in abeyance until the Circuit Judge had decided whether, admitting for the sake of argument all the facts of the complaint to be true, the plaintiff could maintain this action in view of the judgment of 1888, wherein the plea of *plene administravit* was submitted and adopted. The Circuit Judge, as before stated, held that plaintiff was thereby estopped. Hence this appeal. Was the Circuit Judge correct?

The inquiry is an interesting one, and has received careful consideration at our hands. The answer involves several questions. It is no doubt true, as a general proposition, that the plea of *plene administravit* set up by a personal representative of a

deceased debtor in a suit by a creditor of such deceased debtor, when accepted as true or established to be true in such a suit, restricts such suing creditor to a judgment *quando acciderint,* thereby releasing the personal representative from all liability for assets of the deceased debtor that came into the personal representative's hands up to the date of the judgment, thereby rendering such personal representative liable for such assets of the deceased debtor as should or may come into his hands after such judgment. *Rosborough* v. *Mills, as administratrix,* 35 S. C., 578.

But are there any circumstances that will operate to avoid the result of this general proposition? It is admitted that a judgment includes in its embrace the practical settlement for all time of every question and matter that was necessarily or properly involved in the contest. *Hart* v. *Bates,* 17 S. C., *35.* In that last mentioned case it is held that fraud was not included as a question there decided, and that not only was that record silent as to the matter of fraud in a deed there set up, but that fraud was not such a circumstance as that its existence usually could be inferred. Its existence in all or a majority of human transactions is not admitted; and "the charge of *laches* cannot justly be brought against one for omitting to assail a deed for fraud, when he had no knowledge of the facts constituting the fraud." It is true, therefore, that the existence of fraud at the time of the rendition of the judgment, but of which one of the parties to the suit was in entire ignorance, would not constitute a question or matter necessarily or properly involved in a contest that ripened into such judgment.

In the case at bar, the plaintiff, appellant, distinctly denies all knowledge of the existence of fraud until after 1888. Such being the law, is there any reason personal to the plaintiff, appellant, here that will preclude his action? Was he a party or a privy to the suit of J. R. Smith against Josiah Anderson, wherein a judgment was confessed by the latter to the former on the 20 March, 1867? The "Case" here fails to show any such reason personal to the plaintiff appellant. Then if he, and not the administrator *de bonis non* of the personal estate of Josiah Anderson, deceased, can maintain this action; and if the judgment

*quando acciderint* is. not conclusive of the question of fraud, and as he maintains in his complaint that he can substantiate the charges of fraud in the transactions between J. R. Smith and Josiah Anderson which culminated in the judgment confessed in 1867, why should he be denied his right to maintain his action ? We are unable to see any reasons for such denial.

It is the judgment of this court, that the judgment of the Circuit Court should be modified in accordance with the principles herein announced, and it is remitted to the Circuit Court for such purpose.